UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, and<br><br>THE STATE OF NEW JERSEY, by GURBIR S. GREWAL, Attorney General of the State of New Jersey, | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs,

-against-

THE UNITED STATES DEPARTMENT
OF THE TREASURY and THE INTERNAL
REVENUE SERVICE,

Defendants.

-----------------------------------------------------------x

Plaintiff State of New York, by its attorney, Letitia James, Attorney General of New York, and Plaintiff State of New Jersey by its attorney, Gurbir S. Grewal, Attorney General of New Jersey, allege as follows:

## I.  NATURE OF THE ACTION

1.      The States of New York and New Jersey bring this lawsuit to compel compliance with the Freedom of Information Act ("FOIA") by the United States Department of the Treasury (the "Treasury Department") and its subsidiary bureau, the Internal Revenue Service (the "IRS"), in connection with the adoption of new annual filing standards for social welfare and other organizations exempt from taxation under I.R.C. section 501(c).

2.      On July 16, 2018, Defendants announced that the IRS will no longer require non-501(c)(3) tax-exempt groups organized under section 501(c) to disclose the names and addresses of their substantial contributors on the Schedule B to their annual Return (Forms 990 and 990-EZ). The change was released as Revenue Procedure 2018-38 (the "Revenue Procedure"), without public notice or comment, and took effect on December 31, 2018.  In October 2018, concerned

that the change would significantly interfere with their ability to effectively oversee affected organizations operating in New York and New Jersey, Plaintiffs jointly submitted FOIA requests to each of the Defendants for information regarding the Revenue Procedure's administrative origin and development.

3.     Neither Defendant has objected to Plaintiffs' requests.  In six months since Plaintiffs submitted their requests, the IRS has made a single partial production that contained fewer than 400 pages from one of seven categories of requested material.  The Treasury Department has not responded at all.  Defendants have violated FOIA by failing to respond to Plaintiffs' requests within the statutorily prescribed time limit, failing to disclose the requested documents, and unlawfully withholding the requested information.  Plaintiffs now ask the Court to order Defendants to respond to the requests and to disclose all responsive records improperly withheld.

## II.     JURISDICTION AND VENUE

4.     The Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.     The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III.     THE PARTIES

7.     Plaintiff State of New York is represented by its Attorney General, Letitia James, with a principal place of operation at 28 Liberty Street, 19th Floor, New York, New York 10005.

8.     Plaintiff State of New Jersey is represented by its Attorney General, Gurbir S. Grewal, who serves as the State's chief legal officer.  *See* N.J. Stat. Ann. §52:17A-4(e), (g).

9.      The Treasury Department is the federal department responsible for advising on domestic tax policy and enforcing federal tax laws through its subsidiary bureau, the IRS.  The Treasury Department is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220.

10.      The IRS is a component bureau of the Treasury Department charged with collecting taxes and administering the Internal Revenue Code.   The IRS is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 1111 Constitution Avenue, NW, Washington, D.C. 20224.   Its New York Regional Office is located at 290 Broadway, New York, New York 10007.

## IV.   STATUTORY FRAMEWORK

11.      FOIA promotes open government by providing every person with a right to request and receive federal agency records.  5 U.S.C. § 552(a)(3)(A).

12.      When a request for federal agency records is made, FOIA requires the recipient agency to determine within twenty days whether it will comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  An agency may only delay its response if "unusual circumstances" exist, as defined by the statute.  5 U.S.C. § 552(a)(6)(B)(i) and (a)(6)(B)(iii).

13.      Once an agency has determined that it will comply with the request, the records responsive to that request "shall be made promptly available."  5 U.S.C. § 552(a)(6)(C)(i).  If the agency fails to comply with the applicable time limit provisions for response, that failure is deemed a constructive denial of the request and satisfies the requester's obligation to exhaust administrative remedies prior to seeking judicial relief.  *Id.*

14.      A FOIA requester that has exhausted its administrative remedies may petition the district court for injunctive and declaratory relief from the agency's continued withholding of public records.  5 U.S.C. § 552(a)(4)(B).

## V.    FACTS

15.    In July 2018, Defendants announced that the IRS would no longer require non-(c)(3) organizations exempt from taxation under I.R.C. Section 501(c) to include donor-identifying information in the Schedule B List of Contributors required for their annual Return.  Beginning with the information returns for taxable years ending on or after December 31, 2018, the organizations affected by this change may file a Schedule B List of Contributors that identifies only the amount contributed for each reportable contribution. The affected organizations must continue to collect and maintain complete donor information in their books and records and to make such information available to the IRS upon request.  Defendants implemented these changes through the adoption of Revenue Procedure 2018-38, without prior publication for notice and public comment.

16.    On October 22, 2018, Plaintiffs jointly submitted a FOIA request by faxed letter to the Treasury Department.  A copy of the request and its transmittal confirmation is attached hereto as Exhibit A.

17.    The same day, Plaintiffs jointly submitted a FOIA request by faxed letter to the IRS.  A copy of that request and its transmittal confirmation is attached hereto as Exhibit B.

18.    Plaintiffs' October 2018 requests sought material regarding the Revenue Procedure's adoption from each of the Defendants, in four general categories:   (i) records discussing the donor reporting requirements in effect for 501(c)-exempt entities prior to adoption of the Revenue Procedure; (ii) records discussing historical agency review of donor information in Schedule B, including the costs and other burdens imposed by that review; (iii) records regarding agency consideration and development of the Revenue Procedure; and (iv) records concerning external inquires or other communications regarding consideration and development of the Revenue Procedure.  Plaintiffs addressed their requests to Defendants' respective FOIA offices; the two requests recited substantially similar lists of requested material and identified specific offices and custodians to be searched for responsive records.

19.     The IRS acknowledged receipt of Plaintiffs' request by letter dated November 14, 2018 and assigned the request a FOIA case number (F19295-0068). A copy of the November IRS letter is attached hereto as Exhibit C.

20.     The IRS stated in its November letter that it would extend the statutory deadline for response by ten days, as permitted under FOIA, in order to search for, collect, and review responsive records from other locations. The IRS also noted, however, that it required additional time to identify responsive records and would thus further extend its response date to January 15, 2019, the date by which it believed that it could provide a final response. The IRS acknowledged in the November letter that the statutory deadline for response to Plaintiffs' requests, as extended by ten days, would be December 5, 2018 and that Plaintiffs could sue to enforce their FOIA rights as of that date. The November letter noted that: "An administrative appeal is limited to a denial of records, so it does not apply in this situation."

21.     On January 28, 2019, the IRS sent a second letter indicating that staff members at the IRS's FOIA Public Liaison Office had been furloughed for approximately five weeks, from December 22, 2018 through January 25, 2019, and so required additional time to search for and review records in response to Plaintiffs' request. A copy of the January IRS letter is attached hereto as Exhibit D. The IRS indicated in its January letter that it would contact Plaintiffs by March 29, 2019 if it were "still unable to complete [the] request." The IRS's new March 29 target deadline extended its previous commitment by more than 10 weeks.

22.     On March 26, 2019, the IRS sent a third letter indicating that staff members at the FOIA Public Liaison Office continued to work on Plaintiffs' requests and needed additional time to collect and review records. A copy of the March IRS letter is attached hereto as Exhibit E. The March letter enclosed approximately 360 pages of material and noted that 25 pages of material had been withheld or redacted pursuant to FOIA Exemptions Five and Six. The March letter stated that the IRS would contact Plaintiffs by May 27, 2019 if it were "still unable to complete [the] request." This new target deadline further extended the IRS's previous commitment by an

additional eight weeks.  The March letter did not deny any part of Plaintiffs' requests and did not advise Plaintiffs of a right to appeal.  The letter stated: "Our final response will contain information concerning your appeal rights."

23.    Plaintiffs have not received any further production or letter communication from the IRS since the March 26 letter.

24.    Plaintiffs have not had any independent communication from the Treasury Department FOIA office since October 2018.

25.    Neither the IRS nor the Treasury Department has objected to any element of Plaintiffs' requests.

26.    Because Defendants have failed to respond to Plaintiffs' requests within the statutory timeframe, Defendants have constructively denied the requests.  As such, Plaintiffs have exhausted their administrative remedies.

27.    Plaintiffs have a legal right to the requested records.  Defendants have improperly withheld those records, forcing Plaintiffs to file this lawsuit to enforce their rights under FOIA.

28.    As the chief law enforcement officers for New York and New Jersey, respectively, Plaintiffs are responsible for overseeing the activities of exempt organizations that operate or solicit in New York and New Jersey, as well as the conduct of their officers and directors.  The Revenue Procedure's change to donor disclosure practices will directly impact Plaintiffs' regulatory function and the reasons for the change are thus of critical importance to Plaintiffs.

## VI.    CLAIMS

### Count I:  Failure to Respond to Request Within Statutory Timeframe

29.    Plaintiffs repeat and re-allege the preceding paragraphs, as though fully set forth herein.

30.     Defendants failed to respond to Plaintiffs' requests within the statutorily mandated timeframe, in violation of Plaintiffs' rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B).

### Count II:  Failure to Produce Responsive Records

31.     Plaintiffs repeat and re-allege the preceding paragraphs, as though fully set forth herein.

32.     Defendants failed to disclose and produce records responsive to Plaintiffs' requests, in violation of Plaintiffs' rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

33.     Defendants failed to disclose and produce records responsive to Plaintiffs' requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A).

34.     Plaintiffs are entitled to their reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

### VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

a.   Find that Defendants' failure to timely respond or disclose records was unlawful;

b.   Order Defendants to search for and promptly disclose all records responsive to Plaintiffs' requests;

c.   Award Plaintiffs' attorneys' fees and costs; and

d.   Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LETITIA JAMES**
Attorney General of the State of New York

By: _____
Catherine Suvari
    Assistant Attorney General
James Sheehan
    Charities Bureau Chief
    (*pro hac vice application forthcoming*)
28 Liberty Street
New York, New York 10005
Tel. (212) 416-6172
Catherine.Suvari@ag.ny.gov
James.Sheehan@ag.ny.gov

**GURBIR S. GREWAL**
Attorney General of the State of New Jersey

By: _____
Glenn J. Moramarco
    Assistant Attorney General
    (*pro hac vice application forthcoming*)
Katherine Gregory
    Deputy Attorney General
Hughes Justice Complex - 1st Floor
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625
Tel. (609) 376-3235
Glenn.Moramarco@law.njoag.gov
Katherine.Gregory @law.njoag.gov

Dated:    May 7, 2019
         New York, New York

# Exhibit A

 

October 22, 2018

**BY U.S. MAIL and FAX**

FOIA Request
Department of the Treasury
1500 Pennsylvania Ave., N.W.
Washington, D.C. 20220
Fax 202-622-3895

Re:  IRS Revenue Procedure 2018-38

To whom it may concern:

On July 16, 2018, the Treasury Department and the IRS announced that the IRS will no longer require non-501(c)(3) tax-exempt groups organized under section 501(c) to disclose the names and addresses of their substantial contributors on the Schedule B to Forms 990 and 990-EZ.  This change to well-established donor disclosure requirements was released as Revenue Procedure 2018-38 and will directly impact current state filing requirements for exempt organizations operating in New York and New Jersey, which are regulated by the Charities Bureau in the New York Attorney General's Office and the New Jersey Division of Consumer Affairs.  A copy of the complete Revenue Procedure text and accompanying Treasury Department Press Release are attached below for reference.

To better understand the Revenue Procedure's administrative origin and development, we the undersigned make the following request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Treasury Department implementing regulations, 31 C.F.R. Part 1.

Requested Records:

We request that the Treasury Department produce the following material within twenty (20) business days:

1.  All emails, memoranda, and Treasury Department reports concerning the development, implementation, consideration, or evaluation of Revenue Procedure 2018-38.  This request includes without limitation:

    a.  Documents discussing the donor reporting requirements in effect for 501(c) tax-exempt entities prior to adoption of the Revenue Procedure;

    b.  Documents discussing agency review of Schedule B to Forms 990 and 990-EZ, including documents that support or contravene the July 16, 2018 statement by Secretary Mnuchin that "the IRS simply does not need tax returns with donor names and addresses to do its job in this area;"

    c.  Documents concerning costs and/or other burdens imposed on IRS staff by existing Schedule B reporting requirements;

    d.  Documents concerning costs and/or burdens imposed on 501(c)-exempt organizations by existing Schedule B reporting requirements;

    e.  Documents concerning whether or how changes to existing Schedule B reporting requirements could impact IRS examination practices; and

    f.  Documents concerning inadvertent disclosure and/or misuse of donor information captured in Schedule B.

2.  All records not identified by Request No. 1 (above) that concern external inquiries or meetings with external parties regarding the development, implementation, consideration, or evaluation of Revenue Procedure 2018-38, including but not limited to:

    a.  Communications with the White House Office of Management and Budget (OMB);

    b.  Communications with the Office of White House Counsel (WHC);

    c.  Communications with any other organization in the Executive Office of the President (outside of the OMB or WHC);

    d.  Communications from private individuals or organizations that requested or proposed agency review of donor disclosure obligations for 501(c)-exempt organizations;

    e.  Agendas and attendee lists for any meetings convened with external parties to consider changes to existing Schedule B disclosure requirements;

    f.  Communications sent in preparation for any such meetings; and

    g.  Communications sent following any such meetings.

3.  All records not identified by Request No. 1 (above) that concern internal inquiries or meetings regarding the development, implementation, consideration, or evaluation of Revenue Procedure 2018-38, including but not limited to:

    a.  Documents concerning communications from the White House Office of Management and Budget (OMB), including documents concerning whether or how to respond to such communications and copies of any actual response;

    b.  Documents concerning communications from the Office of White House Counsel (WHC), including documents concerning whether or how to respond to such communications and copies of any actual response;

    c.  Documents concerning communications from any other organization in the Executive Office of the President (outside of the OMB or WHC), including documents concerning whether or how to respond to such communications and copies of any actual response;

    d.  Documents concerning communications from private individuals or organizations that requested or proposed agency review of donor disclosure obligations for 501(c)-

Page 3
October 22, 2018

exempt organizations, including documents concerning whether or how to respond to such requests or proposals and copies of any actual response;

e.   Agendas and attendee lists for any internal meetings convened to consider changes to existing Schedule B disclosure requirements;

f.   Communications sent in preparation for any such meetings; and

g.   Communications sent following any such meetings.

4.   Any record of the "discussions with accounting firms and taxpayers" cited as support for a proposal to eliminate Schedule B in the June 7, 2018 Report of Recommendations of the Advisory Committee on Tax Exempt and Government Entities.

5.   All statements, speeches, or presentations made by Treasury Department employees or representatives regarding donor reporting requirements for tax-exempt entities, including press releases as well as formal remarks made on behalf of the IRS or Treasury Department.

6.   All communications between Treasury Department employees or representatives and non-Department representatives regarding the press release issued on July 16, 2018 to announce Revenue Procedure 2018-38.

7.   Each submission in compliance with the Small Business Regulatory Enforcement Fairness Act of 1996 (SBREFA) to the House of Representatives, the Senate, and/or the Comptroller General of the Government Accountability Office (GAO) concerning Revenue Procedure 2018-38.

Please provide all responsive records dating from January 1, 2018 to the date the search is conducted.

Your search for responsive records should include the following offices and individual custodians: the Office of the Secretary of the Treasury; the Office of General Counsel, Treasury Department; Secretary Steven Mnuchin; and Counselor to the Secretary Justin Muzinich.

If it is your position that any of the requested records is exempt from disclosure, we request that you provide an index of those records as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). As you are aware, the Vaughn index should describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology of Washington, D.C. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

Fee Waiver Request:

We request a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 26 C.F.R. § 601.702(f)(2) as these requests are made by a state government agency acting in the public interest. Disclosure of the requested records will contribute significantly to public understanding of Revenue Procedure 2018-38, including how the Treasury Department determined that its action would "make our tax system simpler and less susceptible to abuse" and whether the reporting changes that Revenue Procedure 2018-38 adopts

Page 4
October 22, 2018

were designed to "relieve thousands of organizations of an unnecessary regulatory burden, while better protecting sensitive taxpayer information and ensuring appropriate transparency."[1]

If this request for a fee waiver is denied, please contact us before incurring any costs in responding to this request. We request that your responses be provided electronically.

Thank you in advance for your attention to this matter. If you have any questions or wish to clarify any of the above requests, please do not hesitate to contact New York Charities Bureau Chief James Sheehan at James.Sheehan@ag.ny.gov or 212-416-8490. We look forward to receiving your response to these requests within twenty days, as required by FOIA.

Sincerely,

James G. Sheehan
Chief, Charities Bureau
Office of the Attorney General of the State of New York
James.Sheehan@ag.ny.gov

Glenn J. Moramarco
Assistant Attorney General
Office of the New Jersey Attorney General
Glenn.Moramarco@law.njoag.gov

---

[1] *See* "Treasury Department and IRS Announce Significant Reform to Protect Personal Donor Information to Certain Tax-Exempt Organizations" (July 16, 2018), *at* https://home.treasury.gov/news/press-releases/sm426.

TRANSMISSION VERIFICATION REPORT

```
                                          TIME  : 10/22/2018 08:45
                                          NAME  :
                                          FAX   : 6092920690
                                          TEL   :
                                          SER.# : BROF1J282915
```

```
        DATE,TIME               10/22  08:42
        FAX NO./NAME            912026223895
        DURATION               00:03:28
        PAGE(S)                14
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

**<u>Exhibit B</u>**

 

October 22, 2018

**BY U.S. MAIL and FAX**

IRS FOIA Request
Headquarters Disclosure Office
CL:GLD:D
1111 Constitution Avenue, NW.
Washington, DC 20224

Internal Revenue Service
Central Processing Unit/ IRS FOIA Requests
Stop 211
P.O. Box 621506
Atlanta, GA 30362-3006
Fax 877-807-9215

Re: IRS Revenue Procedure 2018-38

To whom it may concern:

On July 16, 2018, the Treasury Department and the IRS announced that the IRS will no longer require non-501(c)(3) tax-exempt groups organized under section 501(c) to disclose the names and addresses of their substantial contributors on the Schedule B to Forms 990 and 990-EZ. This change to well-established donor disclosure requirements was released as Revenue Procedure 2018-38 and will directly impact current state filing requirements for exempt organizations operating in New York and New Jersey, which are regulated by the Charities Bureau in the New York Attorney General's Office and the New Jersey Division of Consumer Affairs. A copy of the complete Revenue Procedure text and accompanying Treasury Department Press Release are attached below for reference.

To better understand the Revenue Procedure's administrative origin and development, we the undersigned make the following request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and IRS implementing regulations, 26 C.F.R. Part 601.

Requested Records:

We request that the IRS produce the following material within twenty (20) business days:

1.  All emails, memoranda, and IRS reports concerning the development, implementation, consideration, or evaluation of Revenue Procedure 2018-38. This request includes without limitation:

    a.  Documents discussing the donor reporting requirements in effect for 501(c) tax-exempt entities prior to adoption of the Revenue Procedure;

Page 2
October 22, 2018

     b. Documents discussing agency review of Schedule B to Forms 990 and 990-EZ, including documents that support or contravene the July 16, 2018 statement by Secretary Mnuchin that "the IRS simply does not need tax returns with donor names and addresses to do its job in this area;"

     c. Documents concerning costs and/or other burdens imposed on IRS staff by existing Schedule B reporting requirements;

     d. Documents concerning costs and/or burdens imposed on 501(c)-exempt organizations by existing Schedule B reporting requirements;

     e. Documents concerning whether or how changes to existing Schedule B reporting requirements could impact IRS examination practices; and

     f. Documents concerning inadvertent disclosure and/or misuse of donor information captured in Schedule B.

2. All records not identified by Request No. 1 (above) that concern external inquiries or meetings with external parties regarding the development, implementation, consideration, or evaluation of Revenue Procedure 2018-38, including but not limited to:

     a. Communications with the White House Office of Management and Budget (OMB);

     b. Communications with the Office of White House Counsel (WHC);

     c. Communications with any other organization in the Executive Office of the President (outside of the OMB or WHC);

     d. Communications from private individuals or organizations that requested or proposed agency review of donor disclosure obligations for 501(c)-exempt organizations;

     e. Agendas and attendee lists for any meetings convened with external parties to consider changes to existing Schedule B disclosure requirements;

     f. Communications sent in preparation for any such meetings; and

     g. Communications sent following any such meetings.

3. All records not identified by Request No. 1 (above) that concern internal inquiries or meetings regarding the development, implementation, consideration, or evaluation of Revenue Procedure 2018-38, including but not limited to:

     a. Documents concerning communications from the White House Office of Management and Budget (OMB), including documents concerning whether or how to respond to such communications and copies of any actual response;

     b. Documents concerning communications from the Office of White House Counsel (WHC), including documents concerning whether or how to respond to such communications and copies of any actual response;

     c. Documents concerning communications from any other organization in the Executive Office of the President (outside of the OMB or WHC), including documents

Page 3
October 22, 2018

concerning whether or how to respond to such communications and copies of any actual response;

    d.  Documents concerning communications from private individuals or organizations that requested or proposed agency review of donor disclosure obligations for 501(c)-exempt organizations, including documents concerning whether or how to respond to such requests or proposals and copies of any actual response;

    e.  Agendas and attendee lists for any internal meetings convened to consider changes to existing Schedule B disclosure requirements;

    f.  Communications sent in preparation for any such meetings; and

    g.  Communications sent following any such meetings.

4.  Any record of the "discussions with accounting firms and taxpayers" cited as support for a proposal to eliminate Schedule B in the June 7, 2018 Report of Recommendations of the Advisory Committee on Tax Exempt and Government Entities.

5.  All statements, speeches, or presentations made by IRS employees or representatives regarding donor reporting requirements for tax-exempt entities, including press releases as well as formal remarks made on behalf of the IRS or Treasury Department.

6.  All communications between IRS employees or representatives and non-agency representatives regarding the press release issued on July 16, 2018 to announce Revenue Procedure 2018-38.

7.  Each submission in compliance with the Small Business Regulatory Enforcement Fairness Act of 1996 (SBREFA) to the House of Representatives, the Senate, and/or the Comptroller General of the Government Accountability Office (GAO) concerning Revenue Procedure 2018-38.

Please provide all responsive records dating from January 1, 2018 to the date the search is conducted.

Your search for responsive records should include the following offices and individual custodians: Acting Commissioner David J. Kautter; Margaret Von Lienen, Director, Exempt Organizations, Tax Exempt & Government Entities Division; David Horton, Acting Commissioner, Tax Exempt & Government Entities Division; the IRS Office of Chief Counsel; the IRS Office of Governmental Liaison; and the Advisory Committee on Tax Exempt and Government Entities (ACT), including members Michael Engle, Lisa Johnson, Andrew Lipkin, and Jean Swift.

If it is your position that any of the requested records is exempt from disclosure, we request that you provide an index of those records as required by *Vaughn* v. *Rosen*, 484 F.2d 820 (D.C. Cir. 1973). As you are aware, the Vaughn index should describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology of Washington, D.C.* v. *Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

Fee Waiver Request:

We request a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 26 C.F.R. § 601.702(f)(2) as these requests are made by a state government agency acting in the public interest. Disclosure of the requested records will contribute significantly to public understanding of Revenue Procedure 2018-38,

Page 4
October 22, 2018

including how the Treasury Department determined that its action would "make our tax system simpler and less susceptible to abuse" and whether the reporting changes that Revenue Procedure 2018-38 adopts were designed to "relieve thousands of organizations of an unnecessary regulatory burden, while better protecting sensitive taxpayer information and ensuring appropriate transparency."[1]

If this request for a fee waiver is denied, please contact us before incurring any costs in responding to this request. We request that your responses be provided electronically.

Thank you in advance for your attention to this matter. If you have any questions or wish to clarify any of the above requests, please do not hesitate to contact New York Charities Bureau Chief James Sheehan at James.Sheehan@ag.ny.gov or 212-416-8490. We look forward to receiving your response to these requests within twenty days, as required by FOIA.

Sincerely,

James G. Sheehan
Chief, Charities Bureau
Office of the Attorney General of the State of New York
James.Sheehan@ag.ny.gov

Glenn J. Moramarco
Assistant Attorney General
Office of the New Jersey Attorney General
Glenn.Moramarco@law.njoag.gov

---

[1]   *See* "Treasury Department and IRS Announce Significant Reform to Protect Personal Donor Information to Certain Tax-Exempt Organizations" (July 16, 2018), *at* https://home.treasury.gov/news/press-releases/sm426.

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 10/22/2018 08:51
                                    NAME  :
                                    FAX   : 6092920690
                                    TEL   :
                                    SER.# : BROF1J282915
```

```
DATE,TIME             10/22  08:47
FAX NO./NAME          918778079215
DURATION              00:03:27
PAGE(S)               14
RESULT                OK
MODE                  STANDARD
                      ECM
```

**<u>Exhibit C</u>**



**PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE**

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

November 14, 2018

Office of the Attorney General of the State of New York
James Sheehan
Chief, Charity Bureau
28 Liberty Street
New York, NY 10005

Dear Mr. Sheehan:

I am responding to your Freedom of Information Act (FOIA) request dated October 22, 2018 that we received on October 22, 2018.

I am unable to send the information you requested by November 20, 2018, which is the 20 business-day period allowed by law.  I apologize for any inconvenience this delay may cause.

**STATUTORY EXTENSION OF TIME FOR RESPONSE**
The FOIA allows an additional ten-day statutory extension in certain circumstances. To complete your request I need additional time to search for, collect and review responsive records from other locations. We have extended the statutory response date to December 5, 2018, after which you can file suit. An administrative appeal is limited to a denial of records, so it does not apply in this situation.

**REQUEST FOR ADDITIONAL EXTENSION OF TIME**

Unfortunately, we will still be unable to locate and consider release of the requested records by December 5, 2018.  We have extended the response date to January 15, 2019 when we believe we can provide a final response.

You do not need to reply to this letter if you agree to this extension. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the individual named below. If we subsequently deny your request, you still have the right to file an administrative appeal.

You may contact me, the FOIA Public Liaison, Laura A. McIntyre , to discuss your request at:

IRS Disclosure Office 10
1999 Broadway, MS 7000 DEN
Denver, CO 80202
303-603-4734

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues and our staff is not trained to answer questions regarding those issues. If you need assistance with tax related issues, you may call the IRS toll free number at 1-800-829-1040.

If you are unable to resolve your FOIA dispute through the FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's Office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

You may file suit if you do not agree to an extension beyond the statutory period.  Your suit may be filed in the U.S. District Court:

- Where you reside or have your principal place of business
- Where the records are located, or
- In the District of Columbia

You may file suit after December 5, 2018.  Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States.  These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

Commissioner of Internal Revenue
Attention: CC:PA: Br 6/7
1111 Constitution Avenue, NW
Washington, D.C. 20224

The FOIA provides access to existing records. Extending the time period for responding to your request will not delay or postpone any administrative, examination, investigation or collection action.

3

If you have any questions please call Tax Law Specialist John M Quigley ID # 1000247712, at 510-907-5337 or write to: Internal Revenue Service, Disclosure Scanning Operation -- PO Box 621506, Stop 211, Atlanta, GA 30362.  Please refer to case number F19295-0068.

Sincerely,

Laura A McIntyre
Disclosure Manager
Disclosure Office 10

**<u>Exhibit D</u>**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

COPY OF WITHIN PAPER
RECEIVED

FEB 0 4 2019

NYS OFFICE OF THE ATTORNEY GENERAL
CHARITIES BUREAU

January 28, 2019

Office of the Attorney General of the State of New York
James Sheehan
Chief, Charity Bureau
28 Liberty Street
New York, NY 10005

Dear Mr. Sheehan:

I am responding to your Freedom of Information Act (FOIA) request dated October 22, 2018 that we received on October 22, 2018.

Due to a lapse in appropriations for Fiscal Year 2019, I was furloughed from December 22, 2018 through January 25, 2019.  As a result, I am resuming work today on your request.

On November 14, 2018 I asked for more time to obtain the records you requested.  I am still working on your request and need additional time to search for and review records. I will contact you by March 29, 2019 if I am still unable to complete your request.

Once again, I apologize for any inconvenience this delay may cause.

You may contact me, the FOIA Public Liaison, Laura A. McIntyre, to discuss your request at: IRS Disclosure Office 10, 1999 Broadway, MS 7000 DEN, Denver, CO 80202, 303-603-4734

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues and our staff is not trained to answer questions regarding those issues. If you need assistance with tax related issues, you may call the IRS toll free number at 1-800-829-1040.

If you are unable to resolve your FOIA dispute through the FOIA Public Liaison, you also have the right to contact the Office of Government Information Services (OGIS). The Office of Government Information Services, the Federal FOIA Ombudsman's office, which offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services

2

National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

If you have any questions please call Disclosure Tax Law Specialist John Quigley, ID #
1000247712, at 510-907-5337 or write to: Internal Revenue Service, Disclosure
Scanning Operation – PO Box 621506, Stop 211, Atlanta, GA 30362.  Please refer to
case number F19295-0068.

Sincerely,

Laura A. McIntyre
Disclosure Manager
Disclosure Office 10

**Exhibit E**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

March 26, 2019

Office of the Attorney General of the State of New York
James Sheehan
Chief, Charity Bureau
28 Liberty Street
New York, NY 10005

Dear Mr. Sheehan:

I am responding to your Freedom of Information Act (FOIA) request dated October 22, 2018 that we received on October 22, 2018.

On January 28, 2019 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review records. I will contact you by May 27, 2019 if I am still unable to complete your request.

I am providing an interim response to item 6 of your request. You asked for all communication between IRS employees or representatives and non-agency representatives regarding the press release issued on July 16, 2018 to announce Revenue Procedure 2018-38. Of the 377 pages located in response to your request, I am releasing 358 pages in full. I am withholding 19 pages in full and six pages in part for the following reasons:

## FOIA Exemption (b)(5)

FOIA exemption (b)(5) exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The specific privileges covered by this exemption are:

- The deliberative process privilege which protects documents that reflect the pre-decisional opinions and deliberations that play a direct part in the process of making recommendations on legal or policy matters.
- The attorney-client privilege which protects confidential communications between an attorney and a client relating to a legal matter for which the client has sought professional advice.

2

## FOIA Exemption (b)(6)

FOIA exemption (b)(6) exempts from disclosure files that, if released, would clearly be an unwarranted invasion of personal privacy.  These include medical, personnel, and similar files.  We base the determination to withhold on a balancing of interests between the protection of an individual's right to privacy and the public's right to access government information.

The Supreme Court ruled that Congress intended the "similar files" provision to be construed broadly, so that all information which applies to a particular individual qualifies for consideration under exemption (b)(6).

I am enclosing an encrypted CD containing your documents.  A separate letter is being sent with the password to open the CD.

Once again, I apologize for any inconvenience this delay may cause.

You may contact me, the FOIA Public Liaison, Laura A. McIntyre, to discuss your request at: IRS Disclosure Office 10, 1999 Broadway, MS 7000 DEN, Denver, CO 80202, (303) 603-4734.

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues and our staff is not trained to answer questions regarding those issues. If you need assistance with tax related issues, you may call the IRS toll free number at 1-800-829-1040.

If you are unable to resolve your FOIA dispute through the FOIA Public Liaison, you also have the right to contact the Office of Government Information Services (OGIS). The Office of Government Information Services, the Federal FOIA Ombudsman's office, which offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

Our final response will contain information concerning your appeal rights.

3

If you have any questions please call Disclosure Tax law Specialist John M Quigley ID # 1000247712, at 510-907-5337 or write to: Internal Revenue Service, Centralized Processing Unit –PO Box 621506, Stop 211, Atlanta, GA 30362.  Please refer to case number F19295-0068.

Sincerely,

Laura A McIntyre
Disclosure Manager
Disclosure Office 10